IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IVAN MENDEZ, | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| vs. | Case No. 1:08-CV-131-JTG |
| JANE DOE et al., | District Judge J. Thomas Greene |
| Defendants. | Chief Magistrate Judge Samuel Alba |

Plaintiff, Ivan Mendez, an inmate in Delaware, filed a civil rights complaint against defendants Jane Doe and Annette Wright.  As discussed below, the Court concludes that Mendez must pay the filing fee before this case can proceed.

The *in forma pauperis* statute authorizes a court to let an indigent prisoner file a complaint in federal court without prepaying the filing fee.[1] But, it also restricts those who have repeatedly filed complaints that are frivolous or fail to state a valid claim. The relevant portion of the statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

"These fee provisions are intended 'to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'"[1]

---

[1] The court construes these pro se filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[2] 28 U.S.C.S. § 1915(a) (2008).

[3] *Id.* § 1915 (g).

[4] *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (quoting *In re Smith*, 114 F.3d 1247, 1249 (D.C.Cir. 1997)).

The Court knows that Mendez filed many complaints in the United States District Court for the District of Delaware that were dismissed as frivolous or failing to state a claim upon which relief may be granted.[5] As the Tenth Circuit states, "A federal court may take notice of proceedings in other federal courts when those proceedings are relevant to matters at issue."[6]

Section 1915(g) applies here because Mendez was a prisoner when filing this complaint, and he has filed three or more prior cases in federal court that have been dismissed as frivolous. The language of section 1915(g) is mandatory. Thus, a federal prisoner who falls within the three-strikes provision must prepay the entire filing fee before his claims may proceed. Mendez has not alleged that he "is in imminent danger of serious physical injury"; therefore, he does not come within the exception to section 1915(g).

## ORDER

Mendez is ineligible to proceed without prepaying the filing fee here because he has filed three or more cases in federal court which have been dismissed as frivolous, and the complaint does not fall within the three-strikes exception. Therefore, Mendez is **DENIED** permission to further proceed IFP. He is **ORDERED** to pay the entire $350 statutory filing fee within thirty days from the date of this order. Failure to do so will result in the dismissal of the complaint.

DATED this 8th day of January 2009.

BY THE COURT:

J. Thomas Greene
J. THOMAS GREENE
United States District Judge

---

[5] *See Mendez v. This Criminal Organization*, No. 07-236-JJF (D. Del. May 25, 2007) (dismissing case under § 1915(g) & citing several cases dismissed in that district as frivolous or failing to state a claim).

[6] *See White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998) (citing *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).